UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| KEVIN CRUMP, | ) | |
|---|---|---|
| Petitioner, | ) | |
| vs. | ) | Case No. 4:07CV01063 ERW |
| MICHAEL BOWERSOX, | ) | |
| Respondent. | ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on the Report and Recommendation of United States Magistrate Judge Thomas C. Mummert, III [doc. #11], pursuant to 28 U.S.C. § 636(b). Petitioner has filed Objections to the Report and Recommendation [doc. #16]. When a party objects to a magistrate's report and recommendation, the Court must conduct a *de novo* review of the portions of the report, findings, or recommendations to which the party objects. *See United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003) (citing 28 U.S.C. § 636(b)(1)).

**I.    BACKGROUND**[1]

On July 22, 2003, Petitioner was found guilty of first degree robbery and one count of armed criminal action. On September 5, 2003, he was sentenced to thirty years' imprisonment on the robbery charge, and ten years' imprisonment on the armed criminal action charge, to run concurrently. Petitioner appealed the judgment of the trial court and the sentence imposed, and the Missouri Court of Appeals, Eastern District, affirmed the judgment. *See State v. Crump*, 144

---

[1] The Magistrate Judge's Report and Recommendation recites the facts and procedural history of this case, therefore this Court will not repeat it here. The Court will, however, note those facts which are pertinent to the discussion.

S.W.3d 886 (Mo. Ct. App. 2004). On December 23, 2004, Petitioner filed a motion for post-conviction relief under Missouri Supreme Court Rule 29.15 in the Circuit Court of St. Louis County. The Circuit Court denied Petitioner's motion for relief without an evidentiary hearing. Petitioner then appealed the judgment of the trial court, and again the Missouri Court of Appeals, Eastern District, affirmed the trial court's judgment. *See Crump v. State*, 193 S.W.3d 416 (Mo. Ct. App. 2006).

On May 31, 2007, Petitioner filed his Petition for Writ of Habeas Corpus [doc. #1] with this Court. His Petition sets forth four grounds for federal habeas relief: 1) that appellate counsel was ineffective for failing to challenge the validity of the arrest warrant; 2) that trial counsel was ineffective for consenting to the State's motion in limine to exclude evidence of, or argument about, another person's responsibility for the robbery; 3) that trial counsel was ineffective for failing to object and request a mistrial after Petitioner's co-defendant referred to Petitioner having been "locked-up," and after the two police officers testified that they had heard of Petitioner; and 4) that trial counsel was ineffective for failing to call Petitioner as a witness. Magistrate Judge Mummert rejected each of Petitioner's four grounds for relief.

Petitioner filed objections to Magistrate Judge Mummert's Report and Recommendation, but only made objections with respect to the Magistrate Judge's recommendation that grounds one, two and three be denied. With respect to ground one, Petitioner objects that "there has been no adequate and necessary discovery of the material facts . . . on the constitutional and jurisdictional issues of both complaints used as exhibits in Petitioner[']s initial habeas corpus." Specifically, Petitioner states that the complaints "bear no file stamped date," and asserts that an evidentiary hearing is necessary. (Pet.'s Objs., doc. #16, p.1). With respect to ground two,

Petitioner states that he "objects to Magistrate Report and Recommendation concerning witness Robert Line and State[']s motion in limine as well as trial counsel[']s ineffective assistance of counsel, for failure to object to State[']s motion in limine did undermine proper functioning of adversarial process to sufficiently produce a just result that's guaranteed a defendant under the Sixth Amendment to the Constitution." (Pet.'s Objs., doc. #16, p.2). Finally, with respect to ground three, Petitioner's objection is that the testimony of Craig Goudeau and Brian Jost regarding evidence of other crimes or bad acts "was presumptively prejudicial" and that he "should have been given the benefit of the doubt and the evidence excluded." (Pet.'s Objs., doc. #16, p.2).

Petitioner did not expressly object to the Magistrate Judge's findings with respect to his fourth ground for relief, that his trial counsel was ineffective for failing to call Petitioner as a witness. Furthermore, neither the State nor Petitioner objected to the Magistrate Judge's recommendation that the Court "address the merits of the petition rather than engage in a fact-finding hearing on the issue of timeliness or of whether Petitioner diligently pursued his rights." (R&R, doc. #11, p.14). This Court is to review *de novo* only those portions of the Report and Recommendation to which a Party has objected. *See Lothridge*, 324 F.3d at 600. Because Petitioner did not object to Magistrate Judge Mummert's findings regarding ground four and because there was no objection to Magistrate Judge Mummert's recommendation regarding the timeliness issue, the Court will adopt his findings as to these issues, and will not otherwise formally address them.

## II. STANDARD OF REVIEW

"A state prisoner who believes that he is incarcerated in violation of the Constitution or laws of the United States may file a petition for writ of habeas corpus in federal court pursuant to 28 U.S.C. § 2254." *Osborne v. Purkett*, 411 F.3d 911, 914 (8th Cir. 2005). In order for a federal court to grant an application for a writ of habeas corpus brought by a person in custody by order of a state court, the petitioner must show that the state court decision:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2). "A state court's decision is contrary to clearly established law if the controlling case law requires a different outcome either because of factual similarity to the state case or because general federal rules require a particular result in a particular case." *Tokar v. Bowersox*, 198 F.3d 1039, 1045 (8th Cir. 1999) (internal quotation omitted). A state court decision may be considered an unreasonable determination "only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record." *Ryan v. Clark*, 387 F.3d 785, 790 (8th Cir. 2004).

Each of Petitioner's grounds for federal habeas relief is based on an ineffective assistance of counsel argument. An ineffective assistance of counsel claim requires a showing that counsel's conduct fell below the standard of professional reasonableness, and that there is a reasonable probability that the outcome would have been different had counsel acted professionally. *Strickland v. Washington*, 466 U.S. 668, 691 (1984) ("An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error

4

had no effect on the judgment."). "In determining whether counsel's performance was deficient, the court should 'indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" *Collins v. Dormire*, 240 F.3d 724, 727 (8th Cir. 2001) (quoting *Strickland*, 466 U.S. at 689). This standard is heightened in the context of a § 2254 petition, as the Petitioner must show both that he has satisfied the *Strickland* test, and that the state court applied *Strickland* "in an objectively unreasonable manner." *Underdahl v. Carlson*, 381 F.3d 740, 742 (8th Cir. 2004).

## III. DISCUSSION

### A. GROUND ONE

Petitioner first argues that his appellate counsel was ineffective for failing to argue on appeal that the trial court erred in denying Petitioner's motion to quash the arrest warrant. Petitioner asserts that the criminal complaint and information underlying the warrant for his arrest contained certain deficiencies that call into question the validity of the arrest warrant. Specifically, Petitioner argues that the documents are deficient because they were not properly notarized, and because they did not include a date-stamp. He argues that if his appellate counsel would have appealed the trial court's denial of the motion to quash, the appellate court would have found reversible error and ordered the arrest warrant quashed.

This Court is not persuaded by Petitioner's argument for several reasons. First, Petitioner made this argument in his motion for post-conviction relief under Missouri Supreme Court Rule 29.15. The trial court denied the motion, and Petitioner appealed the issue to the Missouri Court of Appeals, Eastern District, which determined that the record refuted Petitioner's claim of invalidity. The Missouri Court of Appeals, Eastern District, is the same court that would have

5

heard the motion to quash argument on direct appeal, if Petitioner's appellate counsel had asserted the argument. Thus, Petitioner's argument that the appellate court (the same court that would later reject this exact argument) would have found reversible error if his appellate counsel would have appealed the denial of the motion to quash is wholly unpersuasive. Second, upon review of the exhibits submitted by the Parties in this case, it is clear to the Court that the criminal complaint and information underlying the warrant for Petitioner's arrest were not inadequate. The documents were property notarized, and the date-stamp appears on the request for an arrest warrant, which was the cover page for the complaint and information. An evidentiary hearing is not necessary to reach this conclusion.

It is clear that any attempt to appeal the trial court's denial of the motion to quash would have been unsuccessful. Appellate counsel is not required to pursue theories that are clearly not meritorious. Accordingly, the Court finds that appellate counsel's conduct did not fall below the standard of professional reasonableness, and that the outcome would not have been different if appellate counsel would have appealed the denial of the motion to quash. The Court will deny Petitioner's first ineffective assistance of counsel claim.

### B. GROUND TWO

Petitioner next argues that trial counsel was ineffective for consenting to the State's motion in limine to exclude evidence of, or argument about, another person's responsibility for the robbery, specifically Paul Day, who was picked out of a photo lineup by Robert Line as a person who resembled the perpetrator. Petitioner asserts that the jury should have been informed of this evidence suggesting the culpability of another individual, and it was not reasonable trial strategy to fail to do so.

The Court disagrees with Petitioner's argument because regardless of whether trial counsel consented to the motion in limine, the evidence regarding Paul Day would have been excluded. Missouri law provides that "[e]vidence that someone else committed the crime is not admissible unless there is evidence directly connecting some identifiable person with the crime." *Williams v. State*, 168 S.W.3d 433, 446 (Mo. 2005); *see also State v. Umfrees*, 433 S.W.2d 284, 287-88 (Mo. 1968) ("Evidence that another person had an opportunity or motive for committing the crime for which the defendant is being tried is not admissible without proof that such other person committed some act directly connecting him with the crime."). Petitioner has not pointed to, nor is this Court aware of, any evidence connecting Paul Day to the crime for which Petitioner was convicted other than the admittedly uncertain photo line-up identification. As a result, the identification of Paul Day was not admissible evidence, and Petitioner's trial counsel acted reasonably in consenting to the State's motion in limine to exclude such evidence.

The Court finds that trial counsel's conduct did not fall below the standard of professional reasonableness. Additionally, if trial counsel had objected to the motion in limine, the outcome would not have been any different because the evidence at issue was clearly inadmissible. The Court will deny Petitioner's second ineffective assistance of counsel claim.

### C. GROUND THREE

In his third ground for relief, Petitioner argues that trial counsel was ineffective for failing to object and request a mistrial after Petitioner's co-defendant referred to Petitioner having been "locked-up," and after the two police officers testified that they had heard of Petitioner. More specifically, Petitioner objects to the following testimony of co-defendant Craig Goudeau, on cross-examination:

7

> Q. How long had you known Mr. Crump?
>
> A. It's really all depends on -- that really all depends on what you mean about how long. I know him because -- I only -- I only really seen him like six or seven times in my whole life, you know. He was locked up, he got locked up --
>
> Q. Excuse me. How long have you known Mr. Crump?

(Trial Transcript, Resp.'s Ex. A-2, p.283). Additionally, Petitioner objects to the following testimony of St. Louis Police Officer Brian Jost, on direct examination:

> Q. When they gave you that name of Crump were you familiar with that name?
>
> A. I was, I had heard the name.
>
> Q. And what area had you heard that name from?
>
> A. I work in a specialized unit in the Housing Authority Projects, and I heard the name through people in the Peabody Housing Complex.
>
> Q. At the Peabody Housing Complex is where you heard the name Crump?
>
> A. Yes.
>
> Q. Have you ever met an individual by the name of Crump?
>
> A. No.
>
> Q. So prior to the date of talking to Maryland Heights you had never seen an individual that identified himself as Crump?
>
> A. No.

(Trial Transcript, Resp.'s Ex. A-2, p.283). Finally, Petitioner objects to the following testimony of Maryland Heights Police Officer Richard White:

> Q. Okay. When you told him the name Crump, did they say anything to you about recognizing that name?

A. Yes. They told me that they had heard of the name Crump.

Q. They heard of the name Crump?

A. Yes.

(Trial Transcript, Resp.'s Ex. A-2, p.309). Petitioner asserts that he was prejudiced by trial counsel's failure to object or request a mistrial because the jury was allowed to hear and consider improper propensity evidence, and that evidence was more prejudicial than probative.

The Court does not agree that trial counsel's failure to object or request a mistrial amounted to ineffective assistance of counsel. "As a general rule, 'evidence of prior misconduct is inadmissible for the purpose of showing the propensity of the defendant to commit such crimes.'" *State v. Davis*, 211 S.W.3d 86, 88 (Mo. 2006) (en banc) (quoting *State v. Bernard*, 849 S.W.2d 10, 13 (Mo. 1993)). "Proffered evidence will run afoul of this rule if it shows that the defendant has committed, been accused of, been convicted of or definitely associated with another crime or crimes." *State v. Hornbuckle*, 769 S.W.2d 89, 96 (Mo. 1989) (en banc). "Vague and indefinite references to misconduct, however, do not warrant mistrial." *State v. Kelly*, 119 S.W.3d 587, 591 (Mo. Ct. App. 2003). In this case, neither Goudeau's statements about Petitioner being "locked up," nor the statements by police officers that they had "heard of" Petitioner *definitively* associate Petitioner with prior misconduct. The testimony at issue amounts to vague and indefinite references to misconduct that does not run afoul of the general rule excluding propensity evidence.

The Court finds that it was not unreasonable for Petitioner's trial counsel to not object or request a mistrial after the aforementioned testimony. Additionally, the Missouri Court of Appeals, Eastern District, specifically found that the testimony did not warrant a mistrial, so trial

9

counsel's failure to request one cannot amount to ineffective assistance of counsel. *See Anderson v. Goeke*, 44 F.3d 675, 680 (8th Cir. 1995) (noting that when evidence at issue is admissible, "the failure to object does not rise to the level of establishing ineffective assistance of counsel"). The Court will deny Petitioner's third ineffective assistance of counsel claim.

## IV.     CERTIFICATE OF APPEALABILITY

A certificate of appealability may only be issued when "'the applicant has made a substantial showing of the denial of a constitutional right.'" *See Slack v. McDaniel*, 529 U.S. 473, 483 (2000) (quoting 28 U.S.C. § 2253(c)); *see also Langley v. Norris*, 465 F.3d 861, 863 (8th Cir. 2006). Petitioner has made no such showing. Furthermore, the Court does not believe that reasonable jurists might find the Court's decision debatable or wrong, for purposes of issuing a certificate of appealability under 28 U.S.C. § 2253(c)(1)(A). *Slack*, 529 U.S. at 483-84. Therefore, the Court will not issue a certificate of appealability as to any claim raised in the Petition.

## V.     CONCLUSION

The Court has reviewed those portions of Magistrate Judge Mummert's Report and Recommendation to which Petitioner filed objections, and concludes that his objections are without merit. The Court hereby sustains, adopts, and incorporates herein the Magistrate Judge's Report and Recommendation, as supplemented by this Court's independent analysis.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Kevin Crump's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody [doc. #1] is **DENIED**.

**IT IS FURTHER ORDERED** that the Court shall not issue a certificate of appealability as to any claim raised in Petitioner's § 2254 Petition.

Dated this 28th Day of September.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE